Ilsley, J.
Prom a judgment rendered in favor of the plaintiffs for the cotton claimed in their petition, the intervenors, Griffen & Co., have *462 appealed, and in this Court have filed an assignment of errors, on which they rely for a reversal of the judgment.
We shall consider the errors assigned in the order of assignment:
1.That the Court below erred in refusing to permit the intervenors to appear and plead as defendants in the action, in the place and stead of the defendants, Phelps & Co.
I. An interven or may join either plaintiff or defendant in the principal action, or he may oppose both when his interest requires it, but he cannot, without the consent of the plaintiff, substitute himself in the place and stead of the defendant. C. P. 389, 390, and amendment. If the law were otherwise, the legal rights of a plaintiff might be entirely defeated. A demand in intervention is but an accessory to a main action. Todd v. Spouse, 14 An. 427.
' 2. That the Court erred in dismissing the petition of intervention, on an .exception filed by the plaintiff.
II. The exception was to the petition, on the ground that it did not disclose the origin and nature of the pretended title of the intervenors, the name and residence of the vendor of the intervenors, nor the place, price, or any other circumstance of a contract of sale, or other mode of acquiring title to property. The plaintiffs, in their exception, prayed the Court to order the intervenors to amend their petition, in the particulars or circumstances mentioned, and in default, to dismiss it, on the ground of vagueness and uncertainty in its allegations. The Court sustained the exception, and granted leave to the intervenors to amend their petition, but they refused to amend, and the petition was dismissed as prayed for in the exception. An intervenor stands in the character of plaintiff before the Court, as to the nature of his title, and the object of his demand, and is governed in his pleadings by the rules of practice which apply to plaintiffs in principal demands. C. P. 172. Hennen’s Digest, Verbo Pleadings, v. (a) (3.)
3. That the Co.urt erred in rendering judgment in favor of plaintiffs, lipón the answers filed by the defendants, Phelps & Co.
III. The answer of the defendants was a disclaimer of any title or ownership of the cotton on their part, and as a disclaimer of title and ownership the answer neither denied nor put at issue any of the allegations of the plaintiff’s petition.
The object of pleading is to present an issue, either of law or of fact, on which the Court can pass a judgment between the parties to the suit, and when a defendant, in his answer, filed in the cause, neither denies the legal right of the plaintiff to recover, nor the truth of the allegations of his petition, they are taken by the Court to be confessed. Nennier v. Coist, 5 M. 56. 4 N. S. 615.
The plaintiff, in such a case, is dispensed from the necessity of adducing or administering proof in support of his claim or demand.
4. That the Court erred in refusing to set aside the judgment, dismissing the petition of intervention; and also, in refusing to set aside the judgment rendered in favor of the plaintiffs, on the answer filed by the defendants.
IV. For the reasons stated in considering second and third assignments *463 of errors, the Court below did net err in refusing to disturb the judgment; and
5. That the Court erred in permitting tlio plaintiffs to bond the cotton, after the intervenors had obtained an order from the clerk of the Court, authorizing them to bond it.
V. The intervenors had no right to bond the cotton under the provisions of the law, and in no case could they be permitted to do so when in the custody of the sheriff under a sequestration, in the absence of a decree or order of the Judge rendered contradictorily between the plaintiffs and the intervenors.
The right to bond property sequestered, is only given by the law to the parties to the action; first, to the defendant; and, if he neglects to exercise the privilege within ten days after the seizure, then to the plaintiff. C. P. 279, and amendments. The order of the clerk, authorizing the intervenors to bond the cotton, was without warrant or authority of law, and was therefore without any legal effect, and it was the duty of the District Judge to disregard the action of the clerk, and to grant an order to bond in favor of the plaintiffs, the parties legally entitled to it.
It is therefore ordered, adjudged and decreed that the judgment of the lower Court be affirmed, with costs.